IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALBERT PENNIWELL
BURKHARDT 3rd,

    Plaintiff,
v.                                       CASE NO. 1:12-cv-143-MP-GRJ

HILLSBOROUGH COMMUNITY
COLLEGE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1331 against Hillsborough Community College, and seeks leave to proceed as a pauper. Docs. 1 and 2. Plaintiff is a resident of Gainesville, Florida, and according to the Complaint the Defendant Hillsborough Community College (Dr. Ken Atwater, President), resides in Tampa, Florida, within Hillsborough County. There is no allegation that any potential Defendant resides in the Northern District of Florida. Plaintiff's claims stem from his enrollment in classes at Hillsborough Community College. Plaintiff alleges that following his enrollment he moved to Gainesville for financial reasons. He attempted to enroll in classes at Santa Fe College but was denied enrollment because Hillsborough would not forward his final transcripts. Plaintiff's claims are somewhat difficult to construe, but it appears that he contends, among other claims, that Hillsborough Community College fraudulently accepted federal student financial aid funds for fees that Plaintiff believes he did not incur due to his move to Gainesville.

Venue is proper in a civil action not founded solely on diversity only in a judicial

district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).  The allegations of the Complaint reflect that the Defendant resides in Hillsborough County, within the jurisdiction of the Middle District of Florida, Tampa Division, and that the events giving rise to the claims occurred in Hillsborough County.  Accordingly, this case should have been filed in the Middle District of Florida, Tampa Division.  *See* 28 U.S.C § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."   In view of the fact that the Plaintiff is proceeding *pro se,* transfer of this case rather than dismissal would be in the interest of justice.

In light of the foregoing, it is respectfully **RECOMMENDED** that pursuant to 28 U.S.C. § 1406(a) this case should be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division.

**IN CHAMBERS** at Gainesville, Florida, this 5th day of July 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:12-cv-143-MP-GRJ*