UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT PENNIWELL BURKHARDT 3RD.,

    Plaintiff,

v.                                                                                   CASE No. 8:12-cv-1580-T-35MAP

HILLSBOROUGH COMMUNITY COLLEGE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The Plaintiff, appearing *pro se*, seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (doc. 2).  After reviewing the Plaintiff's amended complaint, I find it fails to state a claim for which relief may be granted and is otherwise frivolous. Accordingly, and for the reasons stated below, I recommend the motion be denied and the case dismissed per 28 U.S.C. § 1915(e)(2)(B).[1]

    *A. Standards*

Because the Plaintiff is proceeding as his own counsel, his pleadings are held up to a less stringent standard and are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). Nevertheless, his complaint still must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

---

[1] Under 28 U.S.C. § 1915(a)(1), the court may authorize the filing of a lawsuit by an indigent plaintiff without prepayment of fees. However, even when a plaintiff establishes indigency, the case shall be dismissed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)

plausibility of entitlement to relief." *Id*. (citation and quotations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation and quotations omitted).

### B. The Complaint

This is the Plaintiff's second stab at drafting a complaint that liberally comports with Fed.R.Civ.P. 8(a).  His first effort appeared to allege that authorities at the Hillsborough Community College (HCC) refused to forward his transcripts to Sante Fe Community College, where he is either now enrolled or seeks to be enrolled.  From all that he contended HCC has denied his "rights and liberties" and the institution should be ordered to pay him "restitution for the loss of four years of college at a rate of $25,000" plus $100,000 for "suffering, pain and extreme hardship."  He also wants an order requiring HCC to transfer his transcripts to Santa Fe Community College "immediately."  Finding this insufficient for Rule 8(a) purposes and for determining the viability of the Plaintiff's claims as required by the Court's gate-keeping role under 28 U.S.C. § 1915(e)(2)(B), I directed the Plaintiff to file a repleader and explained in checklist-form Rule 8's demands (doc. 12).  His "revision," as he calls it, does not add any qualitative information to his initial complaint. *See* (doc. 18).  And, like the first, fails to meet Rule 8's minimal requirements and *Iqbal's* demands.

Plaintiff renewed effort alleges some sort of due process violation; at best, he offers only a label.  He does not provide any new facts, not even threadbare ones, to support his claim.  Nor does he assert a violation of a federally protected right. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).  Plaintiff additionally complains the the Defendant failed to conform to the Family Education Rights and Privacy Act (FERPA). *See* 20 U.S.C. § 1232g.  But that scheme creates no personal rights to enforce under § 1983. *Gonzaga University v. Doe,* 536 U.S. 273 (2002).  Therefore, for all these

reasons, it is

RECOMMENDED:

1. Plaintiff's motions for leave to proceed *in forma pauperis* (doc. 2) be denied.

2. Plaintiff's amended complaint (doc. 18) be dismissed.

IT IS SO REPORTED at Tampa, Florida on September 7, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. Mary S. Scriven
      Pro Se Party